UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID L. LANCIAULT,
Debtor-In-Possession,

       Plaintiff,                            Case No. 01-70286

v.                                                 Hon. John Corbett O'Meara

PLUNKETT & COONEY, P.C.,

       Defendant.

_____/

## ORDER DENYING DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, OR ALTERNATIVELY, TO AMEND JUDGMENT

Before the court is Defendant's Renewed Motion for Judgment as a Matter of Law, or Alternatively, to Amend Judgment, filed January 24, 2005. Plaintiff responded on February 18, 2005. Defendant filed a reply, and Plaintiff submitted a sur-reply, on March 9, 2005, and March 16, 2005, respectively. Having reviewed the parties' submissions and the record, the court concludes that oral argument is not necessary. See LR 7.1(e)(2).

This legal malpractice case was tried to a jury in December 2004. The jury returned a verdict in favor of Plaintiff in the amount of $1,500,000. The court entered a judgment in that amount, together with $319,056.87 in prejudgment interest, on January 10, 2005.

Having moved for judgment as a matter of law during trial, Defendant now renews that motion. In analyzing a motion for judgment as matter of law, the court "does not weigh the evidence, evaluate the credibility of witnesses, or substitute [its] judgment for that of the jury." Preferred Properties, Inc. v. Indian River Estates, Inc., 276 F.3d 790, 799 (6th Cir. 2002).

"Judgment as a matter of law is appropriate only when there is a complete absence of fact to support the verdict, so that no reasonable juror could have found for the nonmoving party." Fisher v. Ford Motor Co., 224 F.3d 570 (6th Cir. 2000) (citation omitted).

Defendant argues that it is entitled to judgment as a matter of law because Plaintiff allegedly failed to present evidence of causation.  In order to prove legal malpractice, Plaintiff must show, *inter alia*, that the defendant's negligence was the proximate cause and cause in fact of the alleged injury.  See, e.g., Coleman v. Gurwin, 443 Mich. 59, 63; 503 N.W.2d 435 (1993).

Having carefully reviewed the record and the parties' submissions, the court concludes that Plaintiff presented sufficient evidence of causation to support the jury's verdict. Accordingly, Defendant's motion for judgment as a matter of law is denied.

Defendant also argues, in the alternative, that Plaintiff is not entitled to prejudgment interest from the date of the complaint forward.  Defendant's argument is based on the premise that this is a "federal question" case and that, therefore, federal law governs.  Although the court's jurisdiction in this matter is based in bankruptcy (28 U.S.C. § 1334), the legal malpractice claim tried to the jury was based on the substantive law of the State of Michigan. Accordingly, Michigan law governs the award of prejudgment interest.  See Conte v. General Housewares Corp., 215 F.3d 628, 633 (6th Cir. 2000); Perceptron, Inc. v. Sensor Adaptive Machines, Inc., 221 F.3d 913, 922-23 (6th Cir. 2000); In re Scrima, 119 B.R. 539, 541 (W.D. Mich. 1990).  Michigan law provides that prejudgment interest is mandatory and is calculated from the date the complaint was filed.  M.C.L. 600.6013.  Therefore, Plaintiff is entitled to prejudgment interest, as calculated in the judgment.

Accordingly, for these reasons, IT IS HEREBY ORDERED that Defendant's January 24,

2005 Renewed Motion for Judgment as a Matter of Law, or Alternatively, to Amend Judgment is

DENIED.

                                              s/John Corbett O'Meara
                                              John Corbett O'Meara
                                              United States District Judge

Dated:  May 23, 2005